UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:05-CV-60-M**

| | |
|---|---|
| **SUDAMAX INDUSTRIA E COMERCIO DE CIGAROS, LTDA, et al.** | **PLAINTIFFS** |
| vs. | |
| **BUTTES & ASHES, INC., et al.** | **DEFENDANTS** |
| vs. | |
| **TANTUS TOBACCO, LLC** | **DEFENDANT/ THIRD PARTY PLAINTIFF** |
| vs. | |
| **DAVID LI MING YOUNG and YTC US, LLC** | **THIRD PARTY DEFENDANTS** |

**OPINION AND ORDER**

This matter is before the Court on a motion by Third-Party Defendant, David Mi Ling Young, to dismiss the Third Party Complaint against him. For the following reasons, the Motion to Dismiss brought by Young is GRANTED (DN 39).

**I. Background**

This case arises out of a Complaint by a cigarette manufacturer against a cigarette wholesaler. Plaintiffs, Sudamax Industria e Comercio de Cigaros, LTDA, et al., ("Sudamax") sued Defendants Buttes & Ashes, Inc., et al. and Tantus Tobacco, LLC

1

(collectively "Tantus") alleging a breach of contract and various related claims. Tantus then filed a third-party action against Defendants David Young and YTC US, LLC. Defendant Young seeks to dismiss the Third-Party Complaint against him.

In 2002, Brian Cooper, a shareholder and employee of Tantus, began meeting with Young, a shareholder of both Sudamax and YTC. Cooper and Young orally agreed that Young's company, Sudamax, would begin producing cigarettes for Tantus. Sudamax was to be the manufacturer, and Tantus would be the wholesaler. After Sudamax began producing cigarettes for Tantus, Cooper and Young discussed a second business arrangement. In this second arrangement, Young and Cooper orally agreed that Young's company YTC, a second corporation, would also manufacture cigarettes for which Tantus would serve as the wholesaler. Tantus placed an initial order of approximately 100,000 cases of cigarettes from YTC. YTC delivered the cigarettes. Following the fulfillment of the first order, YTC then raised the price of its cigarettes. Tantus refused to pay the higher price, and no further orders were made.

The oral contract between Tantus and YTC stated all material terms of the contract other than quantity. It was not a requirements contract, nor did the parties agree to maintain a constant price for a certain period of time. Tantus claims that the increase in price was a breach of contract and seeks to hold Young personally responsible. Further, Tantus alleges fraud against Young, although it is unclear what statements or actions were fraudulent or what action Tantus took in reliance on the allegedly fraudulent actions. Finally, Tantus alleges that Young conspired with his corporations, Sudamax and YTC, to drive Tantus out

2

of the value-priced cigarette market so that Sudamax and YTC could themselves begin to compete as wholesalers and obtain a larger share of the market sector.

Tantus has asserted claims of breach of contract, fraud, and civil conspiracy. Young now moves the Court to dismiss the Complaint based on Rule 12(b)(6) grounds that the Plaintiffs failed to state a claim for which relief can be granted and based on the Plaintiff's failure to plead fraud with the specificity required by Rule 9(b).

## II. Standard of Review

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on a disbelief of a complaint's factual allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994).

The standard of review requires "that a plaintiff plead more than bare legal conclusions." Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a

3

recovery under *some* viable legal theory." Lillard, 76 F.3d at 726. In deciding a motion to dismiss, the Court may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken. Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir. 1995).

### III. Discussion

In his motion, Young argues that the Third-Party Complaint states no set of facts that would permit recovery against him for the claims asserted. Tantus contends that it has satisfied the requirements of notice pleading and that further discovery is necessary for it to fully support its claims. Based on the issues presented, however, further discovery would be improper. See Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 566 (6th Cir. 2003), quoting Rutman Wine Co v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987)("The very purpose of Fed. R. Civ. P. 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'"); cf. Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 680 (6th Cir. 1988)(Rule 9(b) "may be relaxed where information is *only* within the opposing party's knowledge"(emphasis added)). Each of the claims alleged against Young and their merits will now be discussed.

**A. Breach of Contract**

"A party who suffers a loss from a corporation's breach ordinarily has recourse against the corporation and its assets or guarantors, if any." Wilton Corp. v. Ashland Castings Corp, 188 F.3d 670, 674 (6th Cir. 1999). But a shareholder is generally not liable for a corporation's breach. "It is fundamental corporate law that a shareholder is not liable for a

debt of the corporation unless extraordinary circumstances exist to impose liability." Morgan v. O'Neil, 652 S.W.2d 83, 85 (Ky. 1983). The rare situation to find liability exists when one pierces the corporate veil or when a statute imposes liability. See White v. Winchester Land Development Corp., 584 S.W.2d 56 (Ky.App. 1979).

In this case, Young never entered a contract with Third-Party Plaintiff Tantus. Instead, Tantus allegedly entered contracts with two or more corporations in which Young was a shareholder. Tantus made no allegations in its complaint that the corporate veil should be pierced in order to find Young personally liable for breach of contract. Further, there were no allegations of a statutory basis for finding Young individually liable. Tantus asserted in its response to Young's Motion to Dismiss that in cases of fraud the corporate veil may be pierced. But as discussed below, Tantus has failed to allege fraud with the specificity necessary to allow claims of fraud to proceed. Because there are not sufficient allegations of fraud, there is no basis for the corporate veil to be pierced. See Foster Wheeler Energy Corp. v. Metropolitan Knox Solid Waste Authority, Inc., 970 F.2d 199, 203 (6th Cir. 1992)(plaintiff made no allegations of fraud and thus the corporate veil could not be pierced). Young, as a shareholder, may not be held liable for the alleged breaches of contract of his corporations. See Morgan, 652 S.W. at 85.

In addition to his role as an owner of both Sudamax and YTC, Young negotiated the with Tantus to form the oral contracts in dispute in this action. His role as an agent in those negotiations does not subject him to liability. "Kentucky law insulates agents from liability for acts done within the scope of [their] agency on behalf of a disclosed principal." Summit

Petroleum Corporation of Indiana v. Ingersoll-Rand Financial Corp., 909 F.2d 862, 868 (6th Cir. 1990)(internal citations omitted). Thus, Young cannot be held personally liable for his role as a shareholder or his role as an agent of the corporations.

**B. Fraud**

The notice pleading standard of Fed. R. Civ. P. 8(a) requires only that a plaintiff set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Fed. R. Civ. P. 9(b) augments the notice requirement of Rule 8(a) in certain cases, requiring that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud.'"[1] Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 563 (6th Cir. 2003) (quoting Coffey v. Foamex L.P., 2 F.3d 157, 161-162 (6th Cir. 1993)). Rule 9(b) also requires that the circumstances surrounding misrepresentations be pled with particularity. Evans v. Pearson Enters., 434 F.3d 839, 852-53 (6th Cir. 2006).

Here, Tantus's Third-Party Complaint is defective in that it does not plead the circumstances surrounding the alleged fraud with particularity. The Complaint lacks necessary information as to time, place, and content to enable Young to form a responsive

---

[1] The elements of fraud in Kentucky are as follows: a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury. United Parcel Service v. Rickert, 996 S.W.2d 464, 468 (Ky. 1999).

pleading. The Complaint alleges generalized ideas about Young's fraud, but contains no information regarding specific fraudulent statements that were made or any action that Tantus took based on such fraudulent statements. The allegations are not specific as to Young; rather the allegations are conclusory, and conclusory allegations will not suffice under Rule 9(b).

### C. Conspiracy

Tantus alleges that Young has conspired with his corporations to damage the business standing of Tantus. In response, Young argues that a shareholder or agent of a corporation cannot conspire with the corporation. The law supports Young's position.

Two separate entities must be present for a conspiracy to exist. Doherty v. American Motors Corp., 728 F.2d 334, 339 (6th Cir. 1984). A conspiracy does not exist when a corporation is "acting exclusively through its own directors, officers, and employees, each acting within the scope of his employment." Id., quoting Herrmann v. Moore, 576 F.2d 453, 459 (2d Cir. 1978). The basis for this is that "[a] corporation cannot conspire with itself" any more than a single person can. Nelson Radio & Supply Co. V. Motorola, Inc., 200 F.2d 911, 914 (5th Cir. 1952). "[I]t is the general rule that the acts of the agent are the acts of the corporation." Doherty, 728 F.2d at 339.

Because Young was acting on behalf of his own corporations, both Sudamax and YTC, he cannot have conspired with them. As a shareholder or agent of the company, he was a part of the corporation itself. Because he was a part of the corporation, he did not exist as a unique entity that was capable of conspiring with the corporations. As an agent and

shareholder of Sudamax and YTC, Young was incapable of conspiring with the corporate entities. Thus, Tantus has not stated a claim for conspiracy on which it could possibly prevail.

## IV. Conclusion

Tantus, the Third-Party Plaintiffs in this action, has failed to state claims for which relief can be granted. Thus, the standard for a Rule 12(b)(6) motion to dismiss has been satisfied. Tantus has failed to show that Young should be personally liable for his company's breach of contract. As for any alleged fraud, Tantus failed to plead fraud with the specificity required by rule 9(b). Further, Tantus alleged a conspiracy against Young where none can exist as a matter of law. For these reasons, Third Party Defendant Young's Motion to Dismiss is GRANTED (DN 39).

cc: counsel of record