UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

CIVIL ACTION NO. 1:05-CV-60-M

**SUDAMAX INDUSTRIA E COMERCIO DE**     **PLAINTIFFS**
**CIGAROS, LTDA, et al.**

vs.

**BUTTES & ASHES, INC., et al.**     **DEFENDANTS**

vs.

**TANTUS TOBACCO, LLC**     **DEFENDANT/ THIRD**
    **PARTY PLAINTIFF**

vs.

**DAVID LI MING YOUNG and**     **THIRD PARTY**
**YTC US, LLC**     **DEFENDANTS**

### OPINION AND ORDER

This matter is before the Court on a motion by Third-Party Defendant, YTC US, LLC ("YTC"), to dismiss the Third Party Complaint against it. For the following reasons, the Motion to Dismiss brought by YTC is GRANTED in part and DENIED in part (DN 42).

### I. Background

This case arises out of a Complaint by a cigarette manufacturer against a cigarette wholesaler. Plaintiffs, Sudamax Industria e Comercio de Cigaros, LTDA, et al., ("Sudamax") sued Defendants Buttes & Ashes, Inc., et al. and Tantus Tobacco, LLC (collectively "Tantus") alleging breach of contract and various related claims. Tantus then

filed a third-party action against Defendants David Young and YTC US, LLC ("YTC"). Defendant YTC seeks to dismiss the Third-Party Complaint against it.

In 2002, Brian Cooper, a shareholder and employee of Tantus, negotiated an oral contract with David Young, a shareholder of both Sudamax and YTC. Cooper and Young agreed that Sudamax would begin producing cigarettes for Tantus. Sudamax was to be the manufacturer, and Tantus was to be the wholesaler. After Sudamax began producing cigarettes for Tantus, Cooper and Young discussed a second business arrangement. This second arrangement is specifically at issue here. In this second arrangement, Young and Cooper orally agreed that YTC would also manufacture cigarettes which Tantus would buy and then distribute to retailers.

Tantus placed an initial order with YTC of approximately 100,000 cases of cigarettes. YTC delivered the cigarettes as ordered. Following the fulfillment of the first order, YTC then raised the price of its cigarettes. Tantus refused to pay the higher price, and no further orders were made.

The oral contract originally agreed upon between Tantus and YTC stated all material terms other than quantity. It was not a requirements contract, nor did the parties agree to maintain a consistent relationship for a certain period of time. The claims at issue in the Third Party Complaint stem from YTC's price increase. Tantus claims that the increase in price was a breach of contract. Further, Tantus alleges fraud against Young and YTC, although it is unclear what statements or actions Tantus alleges were fraudulent or what action Tantus took in reliance on the allegedly fraudulent actions. Finally, Tantus alleges

that YTC conspired with Young and Sudamax. The alleged purpose of the conspiracy was to drive Tantus out of the value-priced cigarette market so that YTC and Sudamax could themselves begin to compete as wholesalers and obtain a larger share of the market sector.

Tantus has asserted claims of breach of contract, fraud, and civil conspiracy against YTC. YTC now moves the Court to dismiss the Complaint based on Rule 12(b)(6) grounds that Tantus failed to state a claim for which relief can be granted and based on Tantus's failure to plead fraud with the specificity required by Rule 9(b).

## II.  Standard of Review

Upon a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of its claim that would entitle it to relief. Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). A judge may not grant a Fed. R. Civ. P. 12(b)(6) motion based on disbelief of a complaint's factual allegations. Wright v. MetroHealth Medical Center, 58 F.3d 1130, 1138 (6th Cir. 1995). A Fed. R. Civ. P. 12(b)(6) motion tests whether the plaintiff has stated a claim for which the law provides relief. Gazette v. City of Pontiac, 41 F.3d 1061, 1064 (6th Cir. 1994).

This standard of review requires "that a plaintiff plead more than bare legal conclusions." Lillard v. Shelby County Bd. of Educ., 76 F.3d 716, 726 (6th Cir. 1996). The complaint must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. Gazette, 41 F.3d at 1064. "In practice, a . . . complaint must contain

3

either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." Lillard, 76 F.3d at 726. In deciding a motion to dismiss, the Court "may consider all papers and exhibits appended to the complaint, as well as any matters of which judicial notice may be taken." Hirsch v. Arthur Anderson & Co., 72 F.3d 1085, 1092 (2d Cir. 1995).

### III. Discussion

In its motion, YTC argues that the Third-Party Complaint states no set of facts that would permit recovery against it for the claims asserted. Tantus contends that it has satisfied the requirements of notice pleading and that further discovery is necessary for it to further substantiate its claims. Based on the issues presented, however, further discovery is unnecessary for the decisions rendered herein. See Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 566 (6th Cir. 2003), quoting Rutman Wine Co v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987)("The very purpose of Fed.R.Civ.P. 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'"); cf. Michaels Bldg. Co. v. Ameritrust Co., N.A., 848 F.2d 674, 680 (6th Cir. 1988)(Rule 9(b) "may be relaxed where information is *only* within the opposing party's knowledge" (emphasis added)). Each of the claims alleged against YTC and their merits will now be discussed.

### A. Breach of Contract

The agreement between Tantus and YTC was an oral contract that lacked terms regarding the amount of goods to be produced. Kentucky's version of the UCC controls this

4

issue. KRS 355.2-201(1) provides:

> Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing.

Kentucky courts loosely interpret the writing requirement. See Lonnie Hayes & Sons Staves, Inc. v. Bourbon Cooperage Co., 777 S.W.2d 940, 942 (Ky.App. 1989). Three elements must be presented to enforce a writing which evidences an oral contract. Commonwealth Aluminum Corporation v. Stanley Metal Associates, 186 F.Supp.2d 770, 772 (W.D.Ky. 2001). The necessary elements are that the writing must show there was a contract for the sale of goods, it must be signed or otherwise authenticated, and must specify a quantity. Id. If one of these elements is lacking, the statute of frauds is not satisfied and an oral agreement cannot be enforced.

YTC argues that the oral agreement between YTC and Tantus cannot be enforced because it fails to satisfy the statute of frauds. The Court agrees. YTC agreed to manufacture cigarettes for Tantus to purchase and then wholesale. Many of the material terms of this agreement were certain. What is notably lacking in the agreement between Tantus and YTC were any provisions as to the quantity of cigarettes to be produced or purchased. Following the original agreement between YTC and Tantus, Tantus placed an order with YTC. Tantus requested approximately 100,000 cases of cigarettes, which were

produced and delivered.[1] In it's Third-Party Complaint, Tantus makes no claims related to that order. Tantus's breach of contract claim alleges that YTC's price increase following the delivery of the 100,000 cases of cigarettes amounts to a breach of contract. But because the parties did not enter an ongoing contract with definite terms of quantity, YTC was free to amend its pricing scheme as it wished. Tantus admits that the parties never decided that the contract would last for a certain period of time or that a certain quantity of goods would be produced. See Deposition of Brian Cooper at pp. 208-210, Ex. 1 to YTC's Reply in Further Support of its Motion to Dismiss. No agreements as to quantity were made, and thus the requirements of KRS 35.2-201(1) are not satisfied and the agreement is unenforceable under the statute of frauds.

**B. Fraud**

The notice pleading standard of Fed. R. Civ. P. 8(a) requires only that a plaintiff set forth a short and plain statement of a claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Fed. R. Civ. P. 9(b) augments the notice requirement of Rule 8(a) in certain cases, requiring that in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). "The Sixth Circuit interprets Rule 9(b) as requiring plaintiffs to 'allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent

---

[1] A purchase order may serve as a writing that evidences an oral contract, but it only serves as evidence of the quantity shown in the order. See Home Lumber Co. v. Appalachian Regional Hospitals, Inc., 722 S.W.2d 912, 914 (Ky.App. 1987).

intent of the defendants; and the injury resulting from the fraud.'"[2]  Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 563 (6th Cir. 2003)(quoting Coffey v. Foamex L.P., 2 F.3d 157, 161-162 (6th Cir. 1993)).  Rule 9(b) also requires that the circumstances surrounding misrepresentations be pled with particularity.  Evans v. Pearson Enters., 434 F.3d 839, 852-53 (6th Cir. 2006).

Here, Tantus's Third-Party Complaint is defective in that it does not plead the circumstances surrounding the alleged fraud with particularity.  The Complaint lacks enough necessary information as to time, place, and content to prevent YTC from forming a responsive pleading.  The Complaint alleges generalized ideas about YTC's fraud, but contains no information regarding specific fraudulent statements that were made or any action that Tantus took based on such fraudulent statements.  The allegations are not specific as to YTC; rather the allegations are conclusory, and conclusory allegations will not suffice under Rule 9(b).

**C. Conspiracy**

Tantus alleges that YTC conspired with Young and Sudamax to damage the business standing of Tantus.  In response, YTC argues that a civil conspiracy cannot exist between a principal and its agents.

Two separate entities must be present for a conspiracy to exist.  Doherty v. American Motors Corp., 728 F.2d 334, 339 (6th Cir. 1984).  A conspiracy does not exist when a

---

[2]The elements of fraud in Kentucky are as follows: a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury.  United Parcel Service Co. v. Rickert, 996 S.W.2d 464, 468 (Ky. 1999).

corporation is "acting exclusively through its own directors, officers, and employees, each acting within the scope of his employment." Id., quoting Herrmann v. Moore, 576 F.2d 453, 459 (2d Cir. 1978). The basis for this is that "[a] corporation cannot conspire with itself" any more than a single person can. Nelson Radio & Supply Co. v. Motorola, Inc., 200 F.2d 911, 914 (5th Cir. 1952). "[I]t is the general rule that the acts of the agent are the acts of the corporation." Doherty, 728 F.2d at 339. Because Young is a shareholder and agent of YTC, the two do not exist as unique legal entities that may conspire with one another.

It is unclear, however, whether YTC might be capable of conspiring with Sudamax. The law is settled that a parent company and its wholly owned subsidiary are incapable of conspiring. Copperweld Corp. v. Independence Tube Corp., 467 U.S. 752 (1984). Copperweld has also been interpreted to find that wholly-owned sibling corporations are unable to conspire with one another. Directory Sales Management Corp. v. Ohio Bell Telephone Co., 833 F.2d 606, 611 (6th Cir. 1987). In the Copperweld decision itself, however, the Supreme Court expressly declined to decide whether "a parent may be liable for conspiring with an affiliated corporation it does not completely own." Id. at 767. While YTC and Sudamax have some common ownership, there does not appear to be complete unity of ownership. Therefore, while the Court rejects arguments that YTC conspired with Young, the claim of conspiracy may proceed for the time being as it relates to a conspiracy between YTC and Sudamax.

## IV. Conclusion

Tantus, the Third-Party Plaintiff in this action, has failed to state claims for which relief can be granted on the issues of breach of contract and fraud. Thus, the standard for a Rule 12(b)(6) motion to dismiss has been satisfied on those claims. As for the claims of conspiracy, claims that YTC conspired with Young are rejected, but allegations that YTC conspired with Sudamax may proceed. For the reasons discussed above, Third Party Defendant YTC's Motion to Dismiss is GRANTED in part and DENIED in part (DN 39).

cc: counsel of record