UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**CIVIL ACTION NO. 1:05CV-60-M**

**SUDAMAX INDUSTRIA E COMERCIO DE**                     **PLAINTIFFS**
**CIGARROS, LTDA, et al.**

vs.

**BUTTES & ASHES, INC., et al.**                     **DEFENDANTS**

vs.

**TANTUS TOBACCO, LLC**          **DEFENDANT/ THIRD PARTY PLAINTIFF**

vs.

**YTC US, LLC**                     **THIRD PARTY DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendants, Buttes & Ashes, Inc., Pilot Importing, LLC, Tantus Tobacco, LLC, and Brian Cooper, requesting the Court to reconsider that portion of its March 29, 2007, Opinion and Order granting summary judgment in favor of the Plaintiff, Sudamax Industria e Comercio de Cigarros, LTDA, on Count IV of its Complaint [DN 142] and on a motion by Defendants for oral argument on the motion to reconsider [DN 147]. Fully briefed, this matter is ripe for decision.

Defendants argue that the Court erroneously ruled that Tantus was required to make certain escrow payments in April of 2005 even though the record contains substantial evidence that Sudamax had failed to perform its duties under the operative contract, had

failed to give adequate assurances of its intention to perform, and had repudiated the contract by denying its obligation to secure the release of certain escrow funds for Tantus's benefit. Defendants also assert that the Court should have treated Count IV (Breach of Contract to Make Escrow Payments) as it did Counts V (Action for Price) and VI (Action on Open Account) and deny summary judgment.

A review of the Opinion reveals that the Court essentially treated Counts IV, V, and VI the same. Under Counts IV, V and VI, the Court found that Tantus is liable for the cost of the tendered cigarettes, including the outstanding escrow payments. However, the Court determined that the amount of damages due and owing Sudamax cannot be determined at this time due to the counterclaim of Tantus alleging nonconformity of the product. With respect to the Plaintiffs' remaining arguments, the Court previously considered these arguments. Partial summary judgment as to liability on Count IV in favor of Sudamax is proper.

For the reasons set forth in the March 29, 2007, Memorandum Opinion and Order, **IT IS HEREBY ORDERED** that the motion by Defendants to reconsider the partial grant of summary judgment on Count IV [DN 142] is **denied.  IT IS FURTHER ORDERED** that the motion by Defendants for oral argument [DN 147] is **denied**.

cc: counsel of record